UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA BUDD,

    Plaintiff,

v.                                                                             Case No. 1:11-cv-1209
                                                                                    Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on July 10, 1967 (AR 182).[1] She alleged a disability onset date of November 11, 2007 (AR 182). Plaintiff completed two years of college and has been a licensed practical nurse since 1990 (AR 194). She had previous employment as a charge nurse at a nursing home from 1992 through 2007 (AR 187). Plaintiff identified her disabling conditions as a herniated disc, irretractable pain syndrome and depression (AR 186). Plaintiff stated that these conditions limit her ability to work as follows, "[i]t is difficult for me to sit and stand for long periods of time and the medications that I am on cause me to be tired and sleepy leaving me with little energy" (AR 186). The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June

---

[1] Citations to the administrative record will be referenced as (AR "page #").

15, 2010 (AR 10-21). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265,

3

1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. The ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of November 11, 2007 and that she met the insured status requirements under the Act through December 31, 2011 (AR 12). Second, the ALJ found that plaintiff had severe impairments of back pain, depression, narcotics abuse and sleep apnea (AR 12). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 12). In this regard, the ALJ reviewed Listings 1.04 (disorders of the spine), 12.04 (affective disorders) and 12.09 (substance addiction disorders) (AR 12-14). The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can never climb ladders, ropes, or scaffolds, and can only occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs. The claimant should avoid all exposure to dangerous machinery and unprotected heights. She is also limited to performing simple, routine, and repetitive tasks.

(AR 14). The ALJ also found that plaintiff could not perform any of her past relevant work as a licensed practical nurse (AR 19).

At the fifth step, the ALJ determined that plaintiff could perform a range of unskilled sedentary work in the regional economy (defined as the Lower Peninsula of the State of Michigan), which included information clerk (10,770 jobs), surveillance monitor (1,200 jobs), and a table worker (1,700 jobs) (AR 20). Accordingly, the ALJ determined that plaintiff has not been under

a disability, as defined in the Social Security Act, from November 11, 2007 (the alleged onset date) through June 15, 2010 (the date of the decision) (AR 20-21).

### III. ANALYSIS

Plaintiff has raised a single issue with sub-issues:

**The Commissioner's decision to deny plaintiff DIB and SSI is not supported by substantial evidence and not made pursuant to proper legal standards due to his failure to properly evaluate her mental limitations in his residual functional capacity (RFC) finding and his hypothetical question to the vocational expert (VE).**

### A. The ALJ's RFC determination

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. §§ 404.1545 and 416.945. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *see Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 530 (6th Cir. 1992). "The RFC assessment must address both the remaining exertional and nonexertional capacities of the individual." SSR 96-8p ("Exertional and Nonexertional Functions"). Each exertional function (sitting, standing, walking, lifting, carrying, pushing and pulling) must be addressed separately. *See* SSR 96-8p ("Exertional capacity"). Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength such as: postural (e.g., stooping and climbing); manipulative (e.g., reaching and handling); visual; communicative (hearing and speaking); mental (e.g., understanding and remembering instructions

and responding appropriately to supervision); and the ability to tolerate environmental factors (e.g., tolerance of temperature extremes). *Id.* ("Nonexertional capacity").

Here, plaintiff contends that the ALJ omitted mental limitations set forth in a state agency psychiatrist's opinion, i.e., that plaintiff had a moderate limitation in responding appropriately to changes in the work setting and interacting appropriately with the general public. Plaintiff's Brief at p. 10. Plaintiff relies on an observation made in Section I ("Summary Conclusions") of a Mental RFC Assessment, form SSA-4734-F4-SUP, reached by a non-examining agency psychologist, Jeff Csokasy, Ph.D. (AR 577-79). However, this observation is not an RFC assessment. The use of the SSA-4734-F4-SUP form is explained in the agency's Policy Operations Manual (POMS), § DI 24510.060. The "summary conclusions" set forth in Section I of the form relate to 20 areas of mental functioning. For each area of mental functioning, the agency physician evaluates the claimant as either "not significantly limited," "moderately limited," markedly limited," "no evidence of limitation in this category," or "not ratable based on available evidence" (AR 577). *See* POMS § DI 24510.060(B)(2)(c). According to POMS, "**Section I is merely a worksheet** to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute the RFC assessment**." POMS § DI 24510.060(B)(2)(a) (Emphasis in original.) The RFC assessment appears in a narrative format in Section III of the form. POMS § DI 24510.060(B)(4). *See, e.g., Johansen v. Barnhart*, 314 F.3d 283, 288 (7th Cir. 2002) ("worksheet observations" made by DDS physician that claimant was "moderately limited" in three areas of mental functioning, but "not significantly limited" in the other 17 areas of functioning translated into a mental RFC that the claimant "could perform repetitive, low stress work").

Here, Dr. Csokasy's RFC assessment in Section III of the form concluded that plaintiff was "able to perform simple/routine tasks given mental impairments" (AR 579). This RFC assessment also incorporated the narrative from the Psychiatric Review Technique Form (PRTF), which concluded that "given mental impairment duration and severity limitations; claimant is able to perform simple/routine tasks" (AR 575, 579). The ALJ adopted Dr. Csokasy's RFC assessment, by finding that plaintiff could perform only simple, routine, and repetitive tasks (AR 14). Contrary to plaintiff's contention, the ALJ was not required to address the 20 different worksheet observations which appear in the SSA-4734-F4-SUP form as discreet limitations in her RFC. *See, e.g., Velez v. Commissioner of Social Security*, 1:09-cv-715, 2010 WL 1487599 at *6 (R & R) (March 26, 2010 N.D. Ohio), Order adopting R&R (April 13, 2010 N.D. Ohio) ("In general. . . the ALJ is not required to include the findings in Section I in formulating residual functional capacity"); *Molloy v. Astrue*, No. 08–4801, 2010 WL 421090 at *11 (D.N.J. Feb.1, 2010) (observing that under the SSA's internal operating guidelines, "this section of the examination form does not constitute the RFC assessment but rather is merely a worksheet to aid employees" and, therefore, the ALJ "was not required to assign any weight to this part of the report because it was not the final RFC finding") (internal quotation marks and citation omitted). Accordingly, plaintiff's claim of error will be denied.

### B. The ALJ's hypothetical questions posed to the VE

Plaintiff contends that the ALJ's hypothetical questions posed to the VE were defective because they failed to include these two limitations.

An ALJ's finding that a plaintiff possesses the capacity to perform substantial gainful activity that exists in the national economy must be supported by substantial evidence that the

7

plaintiff has the vocational qualifications to perform specific jobs. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). This evidence may be produced through the testimony of a VE in response to a hypothetical question which accurately portrays the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Services.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals"). Because the purpose of the hypothetical question is to elicit testimony regarding a claimant's ability to perform other substantial gainful activity that exists in the national economy, the question does not need to include the claimant's medical diagnosis. "[A] hypothetical question need only reference all of a claimant's limitations, without reference to the claimant's medical conditions." *Webb*, 368 F.3d at 632.

       Here, the ALJ posed three hypothetical questions to the VE. The ALJ relied on the second hypothetical question which incorporated the limitations in the RFC determination (AR 14, 51-52). Based on these limitations, the VE testified that the hypothetical person could perform work which included information clerk (10,770 jobs), surveillance monitor (1,200 jobs), and table worker (1,700 jobs) (AR 52). The ALJ could properly rely on the limitations set forth in the RFC, which included the Dr. Csokasy's RFC assessment that plaintiff could perform "simple/routine tasks" (AR 579). As with the RFC determination, the ALJ was not required to reference the 20 listed limitations which appeared on Dr. Csokasy's worksheets. *See Smith v. Commissioner of Social Security*, 631 F.3d 632, 637 (3rd Cir. 2010) (observing that the claimant "cannot not rely on the

worksheet component of the Mental Residual Functional Capacity Assessment to contend that the hypothetical question was deficient"). Plaintiff's claim of error will be denied.

### IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be affirmed pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will enter.


Dated:  March 19, 2013                             /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge